IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETH ANN BROTHERS, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) v. ) ) PORTAGE NATIONAL BANK, ) ) Defendant. ) | CIVIL ACTION NO. 3:06-94 JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION & ORDER

**Gibson, J.,**

Now before the Court is the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Document No. 10) from Defendant Portage National Bank ("Defendant" or "Portage"). Portage has also filed a Supplemental Motion to Dismiss (Document No. 22) and Plaintiff Beth Ann Brothers ("Plaintiff" or "Brothers") has opposed both motions (Document Nos. 20 & 28). Plaintiff filed her Class Action Complaint in the Court of Common Pleas of Cambria County, Pennsylvania, stating federal claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as well as state-law actions under the Pennsylvania Minimum Wage Act, 43 PA. C.S. § 333.101 *et seq.* ("PMWA"), and the Pennsylvania Wage Collection Law, 43 PA. C.S. § 260.9a ("PWCL"). Document No. 1-2. Defendant removed the action to this Court on April 21, 2006, and filed a Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement on June 9, 2006. Document Nos. 1-1 & 3. Plaintiff amended the Complaint as of right on June 29, 2006, and filed a Second Amended Complaint on July 13, 2006. Document Nos. 5 & 6.

Portage filed the motion *sub judice* on July 27, 2007, asking the Court to dismiss portions of

1

Plaintiff's Second Amended Complaint. Defendant also filed an Answer to portions of the Second Amended Complaint on August 7, 2006. Document No. 13. Brothers filed her opposition to Defendant's first motion to dismiss on August 8, 2006, and her response to the second motion to dismiss on November 2, 2006. Document Nos. 15 & 20. Thereafter, on November 13, 2006, Portage filed a Supplemental Motion to Dismiss, which Plaintiff opposed on December 13, 2006. Document Nos. 22 & 28. On March 27, 2006, the Court stayed discovery pending resolution of the outstanding motions. Document No. 31. For the reasons stated herein, the Court now grants in part and denies in part the motion to dismiss.

## I. BACKGROUND & PROCEDURAL POSTURE

Defendant, who provides banking services to individuals and businesses, employed Brothers as a Supervisor and Teller in various Cambria County offices. Plaintiff was responsible for helping customers with regard to bank deposits, withdrawals, and information concerning credit cards, loans, and investments. Brothers was compensated at an hourly rate. Document No. 6, ¶¶ 17-18.

During her two-years of employment at Portage, Plaintiff and her similarly-situated coworkers often worked in excess of their scheduled weekly hours. She alleges, however, that the bank failed to properly record and compensate its employees for that additional work. Plaintiff also avers that Portage made her aware that she was not to keep time sheets that accurately recorded her actual time; records were not to reflect work in excess of that for which an employee was previously scheduled. *Id.* at ¶¶ 19-20. Plaintiff therefor alleges that Portage "deliberately failed to make, keep, and preserve true and accurate records of the daily and weekly hours, wages, and other conditions and practice [*sic*] of employment." *Id.* at ¶ 20.

Count I of the Second Amended Complaint claims a violation of the FLSA on behalf of Brothers

2

and "[t]he similarly situated employees of Portage on whose behalf this count is brought." *Id.* at ¶ 23. The claim alleges that those employees "worked hours in excess of forty in many weeks without being paid overtime compensation at a rate not less than one and one half times their regular rates of pay." *Id.* Plaintiff claims she was only paid for previously approved overtime, without regard for the number of hours she actually worked in a given week. *Id.* at ¶ 27. Brothers thus asserts that Defendant "has violated 29 U.S.C. §§ 207(a) and 215(a)(2) by failing to pay Plaintiff and similarly situated employees . . . compensation required by the [FLSA] in work weeks in which the employees worked in excess of forty hours." *Id.* at ¶ 28. Further, Count I avers that Defendant "violated 29 U.S.C. §§ 211(c) and 215(a)(5) by deliberately failing to make, keep, and preserve true and accurate records of the daily and weekly hours worked by, and wages paid to Plaintiff and other similarly situated employees. . . ." *Id.* at ¶ 31. This claim therefore requests unpaid straight time compensation and unpaid overtime compensation, as well as liquidated damages, costs, and attorney's fees.

In Count II, Plaintiff alleges that "Portage violated 43 P.S. § 333.104(c) by not paying Ms. Brothers and similarly situated employees . . . any overtime compensation even though they worked hours in excess of their recorded and scheduled hours and many hours in excess of forty hours per week." *Id.* at 35. Count III alleges that "Portage violated 43 P.S. § 260.3 by not paying Ms. Brothers and similarly situated employees . . . any compensation whatsoever for hours worked but not recorded in many work weeks while employed by Portage." *Id.* at 39. "Ms. Brothers and similarly situated employees of Portage, were entitled to be paid compensation at their contractual hourly rates. . . ." *Id.* at ¶ 38.

Finally, Plaintiff claims in Count IV that her lawsuit "is properly maintainable as a Class Action under Federal Rule of Civil Procedure 23(a) and (b)(1)(2) and (3)." *Id.* at ¶ 42. She states that the

FLSA claims represent an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), while the state law counts are "opt-out" class actions under FED. R. CIV. P. 23. *Id.* at ¶¶ 8, 21. Defendant's Motion to Dismiss Portions of the Second Amended Complaint argues for the dismissal of Brothers' class and collective claims for failure to meet the requirements of both § 216 and Rule 23. Document No. 11, pp. 4-16. In its Supplemental Motion to Dismiss, Defendant also avers that Plaintiff may not simultaneously pursue class actions under the FLSA and analogous state laws. Document No. 23, pp. 2-5.

## II. LEGAL STANDARDS

When analyzing a motion under FED. R. CIV. P. 12(b)(6), the issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support the claim. *Lake v. Arnold*, 112 F.3d 682, 688 (3d Cir. 1997); *Niami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A claim warrants dismissal only if it is clear that relief would not be available under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1957). When a 12(b)(6) motion is granted, a district court should not dismiss the civil action but instead provide the claimant at least one opportunity to amend the defective complaint. However, when further amendment would be futile, an action or claim may be dismissed with prejudice and that plaintiff barred from raising it again. *Heller v. Fulare*, 371 F. Supp. 2d 743, 746 (W.D. Pa. 2005) (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed. 2004)). In assessing the propriety of dismissal, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *D.P. Enters., Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943 (3d Cir. 1984).

However, the Court need not credit conclusory allegations of law. *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 179 (3d Cir. 1988).

To state a collective action under the FLSA, all class members must be similarly situated, and all members must affirmatively consent to join the action. 29 U.S.C. § 216(b).[1] *See also Sperling v. Hoffman-La Roche, Inc.*, 862 F.2d 439, 444 (3d Cir. 1988), aff'd 493 U.S. 165, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989). With little instruction from the appellate levels on when employees are similarly situated, trial courts in this circuit employ a two-step approach:

> At the "notice stage"—where the court determines whether notice should be given to potential class members—the court's determination typically results in "conditional certification" of a representative class. At this stage, some courts have required nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan. In the second stage, after the court has more evidence and the case is ready for trial, the court applies a stricter standard.

*Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 U.S. Dist. LEXIS 511, at \*\*12-13 (D.N.J. 2006) (citing *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 4997 (D.N.J. 2000)). *See also Mueller v. CBS, Inc.*, 201 F.R.D. 425, 427-28) (W.D. Pa. 2001) (applying § 216(b) to a proposed collective action under the ADEA). As the Supreme Court has noted, the policy behind § 216's opt-in mechanism is to "relieve employers from the burden of multiparty actions." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989).

In contrast, class actions based on state laws function under the opt-out procedures of FED. R. CIV. P. 23, which sets forth four essential requirements for class certification: 1) numerosity; 2)

---

[1] Section 216(b) states:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

5

commonality; 3) typicality; and 4) adequacy. *Johnston v. HBO Film Mgmt.*, 265 F.3d 178, 183-84 (3d Cir. 2001); *Otto v. Pocono Health Sys.*, 457 F. Supp. 2d 522, 523 (M.D. Pa. 2006). In light of the distinct procedural schemes of Rule 23 and § 216(b), a number of courts have ruled that state law claims should not be used to circumvent the FLSA's opt-in provision. *See, e.g., Otto*, 457 F. Supp. 2d at 524. Other courts suggest that the differences between federal and state statutory regimes can be so cumbersome as to make supplemental jurisdiction inadvisable in these cases. *See, e.g., Neary v. Metro. Prop. & Cas. Ins. Co.*, No. 06-536, 2007 U.S. Dist. LEXIS 9950, at **9-15 (D. Conn. Feb. 9, 2007). Because this threshold issue will determine the extent of any procedural inquiry, the Court's analysis will begin there.

## III. ANALYSIS

### A. Whether Plaintiff can Simultaneously Pursue FLSA and State-Law Class Actions

#### 1. Incompatibility

Like Brothers, the plaintiffs in *Otto*, brought claims under the FLSA, the PMWA, and the PWCL for failing to properly compensate overtime hours. *Otto*, 457 F. Supp. 2d at 522-23. Guided by "the clear path being blazed by our sister district court" in New Jersey, the *Otto* court held that "[t]o allow a Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement." *Id.* at 524 (citing cases).

The cases on which the *Otto* court relied—*Moeck v. Gray Supply Corp.*, *Herring v. Hewitt Assocs., Inc.*, and *Himmelman v. Continental Casualty Co.*—all found "that Section 216(b) opt-in collective actions are incompatible with Rule 23 opt-out class actions." *Id.* at 523-24. In *Moeck*, Plaintiffs sued for failure "to pay ... overtime that they were entitled to, which violated the [FLSA] and

6

the New Jersey Wage and Hour Law." *Moeck v. Gray Supply Corp.*, No. 03-1950, 2006 U.S. Dist. LEXIS 511, at * 1 (D.N.J. Jan. 5, 2006). The *Himmelman* plaintiff "allegedly worked in excess of eight hours per day and forty hours per week, yet was not paid overtime compensation in accordance with the FLSA and [New Jersey State Wage and Hour Law]." *Himmelman v. Cont'l Cas. Co.*, 2006 U.S. Dist. LEXIS 56187, at *2 (D.N.J. Aug. 11, 2006). The *Herring* court also addressed a claim of uncompensated overtime under the FLSA and New Jersey State Wage and Hour Law. *Herring v. Hewitt Assocs.*, No. 06-267, 2006 U.S. Dist. LEXIS 56189, at *2 (D.N.J. Aug 11, 2006). Each of these courts held that Congress' interest in limiting wage-and-hour suits to collective actions prevents claimants from forming opt-out classes in state wage-and-hour claims plead alongside alleged FLSA violations.

### 2.   **Supplemental Jurisdiction**

Running parallel to this line of cases is the theory that, because the FLSA does not preempt state wage and hour laws, "the better reasoned course is to dismiss class action claims grounded in state wage and hour laws in the context of a FLSA action by declining to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367." *Neary v. Metro. Prop. & Cas. Ins. Co.*, No. 06-536, 2007 U.S. Dist. LEXIS 9950, at *9 (D. Conn. Feb. 8, 2007). *See also Overnite Transp. Co. v. Tianti*, 926 F.2d 220, 222 (2d Cir. 1991) (noting that "every Circuit that has considered the issue has reached the same conclusion—state overtime wage law is not preempted by . . . the FLSA"); *Keeley v. Loomis Fargo & Co.*, 11 F. Supp. 2d 517, 520-21 (D.N.J. 1998) (holding that the FLSA does not preempt state wage and hour laws), rev'd on other grounds, 183 F.3d 257 (3d Cir. 1999). Section 1367 allows federal courts to decline jurisdiction over state-law claims when "those claims are brought under numerous states' statutes and/or they involve novel or complex issues of state law." *Id.* at *10. Where such a

possibility exists, the Third Circuit advises that the Court focus on "the scope of the state and federal issues, the terms of proof required by each type of claim, the comprehensiveness of the remedies, and the ability to dismiss the state claims without prejudice" to determine whether "the state issues substantially predominate, [either] in terms of proof, [in] the scope of the issues raised, or [in] the comprehensiveness of the remedy sought." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309, 312 (3d Cir. 2003). "This necessarily is a case-specific analysis." *Id* at 312.

The *De Asencio* court reviewed the propriety of § 1367 jurisdiction over a defendant whom the plaintiffs alleged had violated certain provisions of the FLSA and PWCL. The plaintiffs had received conditional certification of their federal claim, as well as class certification under FED. R. CIV. P. 23(b)(3) for their state-law action. *Id.* at 304-05. After the defendant appealed certification of the state class, the Third Circuit held that the lower court had abused its discretion in asserting supplemental jurisdiction over the PWCL claims. The state class was roughly ten times larger than the FLSA opt-in class. *Id.* at 310. Moreover, because the Pennsylvania courts had not yet addressed certain novel and complex questions of state law, "individual questions . . . with respect to each member of the [PWCL] class might conceivably predominate over the issues common to the claims of the FLSA plaintiffs." *Id.* at 311. Though the Court acknowledged that "the interest in joining these actions is strong," it was also partly animated by Congress' decision to "limit the scope of representative actions for overtime pay and minimum wage violations." *Id.* at 310. Thus, "the inordinate size of the state-law class, the different terms of proof required by the implied contract state-law claim, and the general federal interest in opt-in wage actions suggest[ed] the federal action [was] an appendage to the more comprehensive state action." *Id.* at 312. Though the lower court may have had the power to hear the supplemental claims, it had abused its discretion in doing so.

8

### 3.     Brothers' Claims

Plaintiff argues that the cases holding § 216(b) and Rule 23 incompatible "contained no distinction between claims solely in overtime weeks and claims in non-overtime weeks." Document No. 28, p. 8. According to Brothers, "the claims [in this case] that arise from the same employer policies and practices are exclusive to either Federal or State Law depending on whether they led to unpaid hours resulting in overtime worked or not. There are prospective State Law claims that cannot be brought under the FLSA." *Id.* at 9. Plaintiff asserts that the FLSA does not give her a cause of action for straight-time wages not paid in weeks during which she worked no overtime. She should therefore be allowed to raise those state law claims in conjunction with her federal action.

Secondly, Brothers argues that because she can pursue her distinct state claims alongside her FLSA action, dismissal of the former is only warranted under § 1367 if it substantially predominates over the federal suit. Document No. 28, p. 9. According to Plaintiff, the extent of predominance cannot be determined until after discovery is complete and notices have been mailed to prospective class members. Dismissal on such grounds at this stage would therefore be premature. *Id.*

Count II of Brothers' Complaint claims that she "and similarly situated employees of Portage, were entitled to be paid compensation at their contractual hourly rates for all hours they worked pursuant to 43 Pa. C.S. § 260.3." Document No. 6, ¶ 38.[2] According to 29 C.F.R. § 778.322: "In weeks in which no overtime is worked only the provisions of [29 U.S.C. § 206], requiring the payment of not less than the applicable minimum wage for each hour worked, apply so that the employee's right to receive [greater straight-time wages] is enforceable only under his contract." By seeking the recovery

---

[2] 43 Pa. C.S. § 260.3 provides that "[e]very employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer."

9

of her regular wages for hours worked in excess of the hours for which she was compensated during a work period in which she did not work over forty hours, Plaintiff essentially states a "gap-time claim." The vast majority of federal courts hold that where there is no alleged violation of the minimum-wage provision in § 206, such claims do not come within the FLSA's purview. *See also Monahan v. County of Chesterfield*, 95 F.3d 1263, 1279 (4th Cir. 1996); *Robertson v. Bd. of County Comm'rs*, 78 F. Supp. 2d 1142, 1159 (D. Colo. 1999); *Carter v. City of Charleston*, 995 F. Supp. 620, 621 (D.S.C. 1997) (citing *Monahan*); *Bolick v. Brevard County Sheriff's Dep't*, 937 F. Supp. 1560, 1567-69 (M.D. Fla. 1996). *But see Lamon v. City of Shawnee, Kan.*, 754 F. Supp. 1518, 1521 n.1 (D. Kan. 1991) ("[I]n view of the remedial purpose of FLSA. . . . [t]he court finds the requirement that plaintiffs be paid compensation at their regular hourly rate to be implicit in the framework of the FLSA").

The FLSA's failure to create liability for gap-time wages heavily mitigates any concern for undercutting the protections of its opt-in mechanism. The Court acknowledges an argument that Congress' preference for opt-in certification in the wage and hour context could be broader than the particular species of employer misconduct the FLSA redresses. *See De Asencio*, 342 F.3d at 312 (noting" the general federal interest in opt-in wage actions"). But Congress also expressed an interest in judicial efficiency when it created supplemental jurisdiction, and that statute contains its own enumerated exceptions. 28 U.S.C. § 1367. Moreover, the mere fact that a court will apply distinct certification procedures is not by itself problematic. *De Asencio*, 342 F.3d at 310 n.14. Because permitting Brothers to certify an opt-out class for her PWCL claim for gap-time wages will not violate any provision of the FLSA, the Court finds that Rule 23 and § 216(b) are only incompatible to the extent that Plaintiff's state-law claims coincide with the FLSA action. Assuming she meets all other obligations, Brothers can therefore simultaneously pursue an opt-out class action for gap-time wages

and an opt-in class action for overtime and minimum wages.

However, the Court is bound to investigate the propriety of its supplemental jurisdiction more thoroughly than is possible at this threshold stage. *De Asencio*, 342 F.3d at 310-13. Cursory review of recent Pennsylvania caselaw suggests that certain questions regarding the PWCL may be no less novel or complex than when *De Asencio* was decided. If discovery reveals that the state-law claims predominate over the FLSA action, or that some other exception to § 1367 applies, the Court may remand those claims to the state courts.

## B. Certification of Plaintiff's Classes

As noted above, the two-tiered approach to certification under § 216(b) requires that Brothers make a preliminary showing that "putative class members were together the victims of a single decision." *Moeck*, 2006 U.S. Dist. LEXIS 511, at **12-13. Courts are somewhat divided, however, regarding what "the level of proof necessary in the first step of the inquiry." *Bosley v. Chubb Corp.*, No. 04-4598, 2005 U.S. Dist. LEXIS 10974, at *7 (E.D. Pa. June 6, 2005). While some courts will conditionally certify an FLSA class based only on an allegation that defendant's policy injured putative class members, others require a modest factual showing. *Id.* at **7-10 (reviewing cases). Cases in this district express a preference for the latter. *See, e.g., Bond v. Nat'l City Bank of Pa.*, No. 05-0681, 2006 U.S. Dist. LEXIS 41876, at **16-17 (W.D. Pa. June 22, 2006); *Mueller v. CBS*, 201 F.R.D. 425, 428 (W.D. Pa. 2001) (addressing certification under the ADEA).

While certification of a Rule 23 class often depends on the pleadings, when the circumstances require, courts may use their discretion to conduct a more searching review of the underlying legal and factual issues. *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 166 (3d Cir. 2001). Indeed, "the court's determination . . . should be predicated on more information than the

complaint itself affords." 7AA WRIGHT & MILLER, § 1785.3, p. 466 (3d ed. 2005). "Allowing time for limited discovery supporting certification motions may also be necessary for sound judicial administration." *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004) (citing *Newland*).

The Court finds it telling that the cases on which Defendant's Motion to Dismiss relies all addressed motions for class certification; Brothers has filed no such motion in this case. Thus, whatever the standards for certification, the Court will not expect at this juncture anything more from Plaintiff than what Rule 12(b)(6) ordinarily requires: a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. *See also Weston v. Pennsylvania*, 251 F.3d 420, 430 (3d Cir. 2001) (finding dismissal under Rule 12(b)(6) where the complaint satisfied the pleading standards of Rule 8).

Defendant claims that dismissal of the class allegations is warranted because the Complaint does not allege sufficient factual information to provide Portage with notice of who the putative class members are, the time periods relevant to the claims, which policies created the alleged harms, or how Plaintiff can adequately represent the class. Document No. 11, pp. 4-8. Portage also argues that its Supervisors, and possibly other employees, are exempt from the FLSA. *Id.* at 6-7.

The Court finds that Plaintiff has met her burden at this stage of the litigation. Though very general, the allegations in the complaint adequately inform Portage of the claims and provide notice that a motion for class certification is forthcoming. Plaintiff's Complaint also traces faithfully the requirements set forth in the Local Rules of this Court. Document No. 6, ¶¶ 41-46. The Rule 12 motion provides an opportunity to test the legal sufficiency of Brothers' claims. The Court would be remiss, however, to use it as a vehicle for preempting a certification motion, particularly where supplemental jurisdiction is so factually sensitive. By simply proposing to represent all similarly situated Portage

employees who were subject to and harmed by the same policies, Brothers is entitled to offer evidence to support her allegations. *Lake v. Arnold*, 112 F.3d 682, 688 (3d Cir. 1997). *Cf. Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001) (holding that courts should not apply the Rule 12(b)(6) standard when deciding whether to certify a Rule 23 class). Defendant will have an opportunity to challenge the adequacy of the putative classes upon any certification motion from Plaintiff.

## IV. CONCLUSION

Because the class certification procedures under 29 U.S.C. § 216(b) are incompatible with those set forth in FED. R. CIV. P. 23, the Court must dismiss those state-law claims in Plaintiff's Second Amended Complaint that fall within the provisions of the Fair Labor Standards Act. However, Plaintiff will be allowed to pursue a state-law claim for certain straight-time wages as long as the requirements for supplemental jurisdiction are otherwise met. Furthermore, the Court finds that the Second Amended Complaint satisfies the pleading requirements for class claims at this juncture. A more complete review of the propriety of class certification will be possible once that issue is fully before the Court.

An appropriate Order follows

AND NOW, this 29th day of March, 2007, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement (Document No. 4) is **DISMISSED** in its entirety as moot;

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Portions of Plaintiff's Second Amended Complaint (Document No. 10) is **DENIED**;

**IT IS FURTHER ORDERED** that the Defendant's Supplemental Motion to Dismiss Portions of Plaintiff's Second Amended Complaint (Document No. 22) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Plaintiff's state-law class claims for minimum wage and overtime compensation are dismissed. The Motion to Dismiss is denied in all other respects;

**IT IS FURTHER ORDERED** that the Parties shall submit an amended proposed initial scheduling order setting forth a limited discovery plan relating to class issues, as well as a deadline for Plaintiff's class certification motions, **on or before April 27, 2007.**

**BY THE COURT:**

*/s/ Kim R. Gibson*

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**

Cc: **All counsel of record**